JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

**United States District Court**
**Southern District of Texas**
**FILED**

SEP 2 4 2001

**Michael N. Milby**
**Clerk of Court**

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

- UNITED STATES OF AMERICA

## DEFENDANTS

ALFREDO RAMIREZ

**B-01-163**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   CAMERON
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

MR. DAVE PECK
P.O. BOX 61129
HOUSTON, TEXAS  77208-1129

ATTORNEYS (IF KNOWN)

LARRY WARNER
777 E. HARRISON ST., 2ND FLOOR
BROWNSVILLE, TEXAS  78520

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)   AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl  Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt  Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 730 Labor/Mgmt  Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☑ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S  Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl  Ret  Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison  Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U S  CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY
PURSUANT TO 28 USC, SEC. 2255

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ YES   ☐ NO

## VIII. RELATED CASE(S)   (See instructions):
IF ANY

JUDGE   HARMON

DOCKET NUMBER   CR-H-99-80-S

DATE   9/24/01

SIGNATURE OF ATTORNEY OF RECORD   [signature: Larry Warner]

FOR OFFICE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

C-01-163

United States District Court
Southern District of Texas
FILED

SEP 2 4 2001

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | |
| | § | **CAUSE NO. CR-H-99-80-S** |
| **ALFREDO RAMIREZ** | § | |

---

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY**

---

Pursuant to 28 U.S.C. Sec.2255, Movant presents this MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.

Pursuant to 28 U.S.C., Sec.2255, this MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY is brought by Petitioner, **ALFREDO RAMIREZ**, Prisoner number #85945-079, Federal Correctional Institution, Bastrop, Texas, by his attorney, Larry Warner, 777 E. Harrison Street, Brownsville, Tx 78520.

1. The name and location of the Court which entered the judgment of conviction under attack: **United States District Court Southern District of Texas, Houston Division.**

2. The date of judgment of conviction: **February 4, 2000.**

3. The Length of sentence: 200 months.

4. The nature of the offense involved was of:

    1) **BEGINNING ON OR ABOUT JANUARY 5, 1997, TO ON OR ABOUT APRIL 22, 1999, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 841 (a)(1), 841 (B)(1)(A) CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND MARIJUANA.**

5. Petitioner pleaded **guilty** to the indictment.

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: **entered a guilty plea to count one(1S).**

6.  Kind of Trial:  **Judge** only

7.  Did you testify at the trial?: **No.**

8.  Did you appeal from the judgment of conviction?: Yes.

9.  If you did appeal, answer the following:

    (a)  Name of Court: United States Court of Appeals for the Fifth Circuit, #99-21102.

    (b)  Result: The appeal was dismissed upon Motion of Appellee.

    (c)  Date of result: September 20, 2000. The time for filing this motion runs at the earliest from the time a motion for rehearing in the Court of Appeals might have been filed, September 20, 2000 + 14 days=October 4, 2001. FED.R.APP.P.40(a)(1). **United States v. Cuero-Congora**, 1997 WL 3467722, at *1(E.D.La. June 23, 1997)In **Cuero-Congora**, movant's "conviction and sentence became final on August 29, 1992, when he failed to file his notice of intent to appeal his conviction and sentence" 10 days after sentence was imposed following guilty plea. The time for filing this motion runs at the latest from the conclusion of the ninety days during which he could have sought certiorari in the United States Supreme Court. SUP.CT.R.13; **Hughes v. Irvin**, 1997 WL 357 947, at *2(E.D.N.Y. June 25, 1997)

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court?: No.

11.  If your answer to 10, was "yes," give the following information:

    (1)  Name of Court: Not applicable; the answer to 10 was "No."

    (2)  Nature of proceeding:

(3)   Grounds raised:

(4)   Did you receive an evidentiary hearing on your Petition or Motion?:

(5)   Result:

(6)   Date of result:

(C)   Did you appeal, to an Appellate Federal Court having jurisdiction, the result of action taken on any Petition, Application, or Motion? No.

Inapplicable.   I have not  filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

(1) First Petition, etc.

Inapplicable.   I have not  filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

(D)   If you did not appeal from the adverse action, on any Petition, Application, or Motion, explain briefly why you did not: Inapplicable.  I have not  filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

12.   State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  If necessary you may attach pages stating additional grounds and facts supporting same.

**GROUND:**

1.   Movant was deprived of the right to habeas corpus.  His waiver of habeas corpus was involuntary.  His counsel did not explain to him what habeas corpus was.  The trial judge erred in accepting a waiver of "collateral attack" without determining whether Movant understood "collateral attack" well enough to waive it. Accepting such waiver amounts to an unconstitutional suspension of the writ of habeas corpus.  "For if the means be not in existence, the privilege [of the writ] itself would be lost, although no law for its suspension should be enacted." **Ex Parte Bollman**, 8 U.S.(4 Cranch)75, 95(1807)

Page 3 of  13

2.  Movant was deprived of the right to effective assistance of counsel on appeal. His waiver of appeal was involuntary. His counsel did not explain to him what an appeal was. The trial judge erred in accepting a waiver of appeal without determining whether Movant understood an appeal well enough to waive it. Such waivers have been condemned: they "cannot be made knowingly and intelligently and [are] not binding on a defendant." **Townsend v. State**, 538 S.W.2d 419(Tex.Crim.App. 1976).

That decision was based on interpretations of federal rights discussed in **Smith v. State**, 440 S.W.2d 843 **(Tex.Cr.App. 1969)** and **Ex parte Dickey**, **543 S.W.2d 99 (Tex.Crim.App., 1976)**. These legal matters are discussed in the brief in support of this Motion.

13. If any of the grounds listed in 12 A, B, C, and d were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

14. Do you have any Petition or Appeal now pending in any Court as to the judgment under attack? **No.**

15.     Attorneys below:

(A)  At preliminary hearing:

                    Lourdes Rodriguez,
                    Attorney at law
                    405 Main Street,uite 201
                    Houston, Tx 77002
                    713 222 8638/713 222 9930
                    SBOT 17147100


(B)  At arraignment and plea:

                    Lourdes Rodriguez,
                    Attorney at law
                    405 Main Street,uite 201
                    Houston, Tx 77002
                    713 222 8638/713 222 9930
                    SBOT 17147100

(C) At trial:

> Lourdes Rodriguez,
> Attorney at law
> 405 Main Street,uite 201
> Houston, Tx 77002
> 713 222 8638/713 222 9930
> SBOT 17147100

(D) At Sentencing:

> Lourdes Rodriguez,
> Attorney at law
> 405 Main Street,uite 201
> Houston, Tx 77002
> 713 222 8638/713 222 9930
> SBOT 17147100

(E)  On appeal:

> Larry Warner Counsel for Appellant
> 777 East Harrison,, 2ND fLOOR
> Brownsville, Texas  78520
> (956)542-4784 /FAX  (956)544-5234
> State Bar# 20871500/USDC, SDTX 1230

(F)  In any post-conviction proceeding:

> Larry Warner Counsel for Appellant
> 777 East Harrison,, 2ND fLOOR
> Brownsville, Texas  78520
> (956)542-4784 /FAX  (956)544-5234
> State Bar# 20871500/USDC, SDTX 1230

(G)  On appeal from any adverse ruling in
a post-conviction proceeding:

> Larry Warner Counsel for Appellant
> 777 East Harrison,, 2ND fLOOR
> Brownsville, Texas  78520
> (956)542-4784 /FAX  (956)544-5234
> State Bar# 20871500/USDC, SDTX 1230

16.  Were you sentenced on more than one count of

an indictment, or on more than one indictment, in the same Court and at the same time?  No.

17.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?  No.

If so, give name and location of Court which imposed sentence to be served in the future:
And give date and length of sentence to be served in the future: **Inapplicable**.

Have you filed, or do you contemplate filing, any Petition attacking the judgment which imposed the sentence to be served in the future? **Inapplicable**.

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

Respectfully submitted,

Larry Warner
Attorney for Petitioner
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 FAX (956)544-5234
State Bar # 20871500/USDC, SDTX 1230

Page 6 of 13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION


UNITED STATES OF AMERICA          §
                                  §
VS.                               §
                                  §  CAUSE NO. CR-H-99-80-S
ALFREDO RAMIREZ                   §

### AFFIDAVIT

BEFORE ME, THE UNDERSIGNED AUTHORITY, PERSONALLY APPEARED, LARRY WARNER, KNOWN TO ME TO BE THE PERSON WHOSE NAME IS SUBSCRIBED BELOW, AND UPON BEING DULY SWORN HE DEPOSED AND SAID:

"My name is Larry Warner, I am an attorney for appellant in the above-entitled and numbered cause.  I am over the age of 18, of sound mind and competent in all respects to make this affidavit. All the foregoing allegations of fact are within my personal knowledge true, save and except for those allegations made upon information and belief, which I am informed and do believe are true.  I swear that they are true.

---

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY**

---

Pursuant to 28 U.S.C. Sec.2255, Movant presents this MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.

Pursuant to 28 U.S.C., Sec.2255, this MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY is brought by Petitioner, **ALFREDO RAMIREZ**, Prisoner number #85945-079, Federal Correctional Institution, Bastrop, Texas, by his attorney, Larry Warner, 777 E. Harrison Street, Brownsville, Tx 78520.

1.   The name and location of the Court which entered the judgment of conviction under attack: **United States District Court Southern District of Texas, Houston Division.**

Page 7 of  13

2.    The date of judgment of conviction: **February 4, 2000.**

3.    The Length of sentence: 200 months.

4.   The nature of the offense involved was of:

1)    **BEGINNING ON OR ABOUT JANUARY 5, 1997, TO ON OR ABOUT APRIL 22, 1999, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 841 (a)(1), 841 (B)(1)(A) CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND MARIJUANA.**

5.    Petitioner pleaded  **guilty** to the indictment.

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:  **entered a guilty plea to count one(1S).**

6.    Kind of Trial:  **Judge** only

7.    Did you testify at the trial?: **No.**

8.    Did you appeal from the judgment of conviction?: Yes.

9.    If you did appeal, answer the following:

(a)   Name of Court: United States Court of Appeals for the Fifth Circuit, #99-21102.

(b)   Result: The appeal was dismissed upon Motion of Appellee.

(c)   Date of result: September 20, 2000. The time for filing this motion runs at the earliest from the time a motion for rehearing in the Court of Appeals might have been filed, September 20, 2000 + 14 days=October 4, 2001. FED.R.APP.P.40(a)(1). **United States v. Cuero-Congora**, 1997 WL 3467722, at *1(E.D.La. June 23, 1997)In  **Cuero-Congora**, movant's "conviction and sentence became final on August 29, 1992, when he failed to file his notice of intent to appeal his conviction and sentence" 10 days after sentence was imposed following guilty plea. The time for filing this motion runs at the latest from the conclusion of the ninety days during which he could have sought certiorari in the United States Supreme Court. SUP.CT.R.13; **Hughes v. Irvin**, 1997 WL 357 947, at *2(E.D.N.Y. June 25,

Case 1:01-cv-00163   Document 1   Filed in TXSD on 09/24/2001   Page 10 of 22

1997)

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court?: No.

11. If your answer to 10, was "yes," give the following information:

    (1) Name of Court: Not applicable; the answer to 10 was "No."

    (2) Nature of proceeding:

    (3) Grounds raised:

    (4) Did you receive an evidentiary hearing on your Petition or Motion?:

    (5) Result:

    (6) Date of result:

(C) Did you appeal, to an Appellate Federal Court having jurisdiction, the result of action taken on any Petition, Application, or Motion? No.

    Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

    (1) First Petition, etc.

    Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

(D) If you did not appeal from the adverse action, on any Petition, Application, or Motion, explain briefly why you did not: Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary you may attach pages stating additional grounds and facts supporting

Page 9 of 13

same.

**GROUND:**

1.  Movant was deprived of the right to habeas corpus. His waiver of habeas corpus was involuntary. His counsel did not explain to him what habeas corpus was. The trial judge erred in accepting a waiver of "collateral attack" without determining whether Movant understood "collateral attack" well enough to waive it. Accepting such waiver amounts to an unconstitutional suspension of the writ of habeas corpus. "For if the means be not in existence, the privilege [of the writ] itself would be lost, although no law for its suspension should be enacted." **Ex Parte Bollman**, 8 U.S.(4 Cranch)75, 95(1807)

2.  Movant was deprived of the right to effective assistance of counsel on appeal. His waiver of appeal was involuntary. His counsel did not explain to him what an appeal was. The trial judge erred in accepting a waiver of appeal without determining whether Movant understood an appeal well enough to waive it. Such waivers have been condemned: they "cannot be made knowingly and intelligently and [are] not binding on a defendant." **Townsend v. State**, 538 S.W.2d 419(Tex.Crim.App. 1976).

    That decision was based on interpretations of federal rights discussed in **Smith v. State**, 440 S.W.2d 843 **(Tex.Cr.App. 1969)** and **Ex parte Dickey, 543 S.W.2d 99 (Tex.Crim.App., 1976)**. These legal matters are discussed in the brief in support of this Motion.

13. If any of the grounds listed in 12 A, B, C, and d were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

14. Do you have any Petition or Appeal now pending in any Court as to the judgment under attack? **No.**

15.     Attorneys below:

        (A)  At preliminary hearing:

                        Lourdes Rodriguez,
                        Attorney at law
                        405 Main Street,uite 201

Page 10 of  13

Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(B)  At arraignment and plea:

Lourdes Rodriguez,
Attorney at law
405 Main Street,uite 201
Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(C)  At trial:

Lourdes Rodriguez,
Attorney at law
405 Main Street,uite 201
Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(D)  At Sentencing:

Lourdes Rodriguez,
Attorney at law
405 Main Street,uite 201
Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(E)  On appeal:

Larry Warner Counsel for Appellant
777 East Harrison,, 2ND fLOOR
Brownsville, Texas  78520
(956)542-4784 /FAX  (956)544-5234
State Bar# 20871500/USDC, SDTX 1230

(F)  In any post-conviction proceeding:

Larry Warner Counsel for Appellant
777 East Harrison,, 2ND fLOOR
Brownsville, Texas  78520
(956)542-4784 /FAX  (956)544-5234
State Bar# 20871500/USDC, SDTX 1230

    (G)   On appeal from any adverse ruling in
          a post-conviction proceeding:

                Larry Warner Counsel for Appellant
                777 East Harrison,, 2ND fLOOR
                Brownsville, Texas  78520
                (956)542-4784 /FAX  (956)544-5234
                State Bar# 20871500/USDC, SDTX 1230

16.   Were you sentenced on more than one count of
      an indictment, or on more than one indictment,
      in the same Court and at the same time?  No.

17.   Do you have any future sentence to serve after
      you complete the sentence imposed by the
      judgment under attack?  No.

If so, give name and location of Court which imposed sentence to be served in the future:
And give date and length of sentence to be served in the future: **Inapplicable.**

Have you filed, or do you contemplate filing, any Petition attacking the judgment which imposed the sentence to be served in the future? **Inapplicable.**

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

Respectfully submitted,

Larry Warner
Attorney for Petitioner
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 FAX (956)544-5234
State Bar # 20871500/USDC, SDTX 1230

**SUBSCRIBED AND SWORN** before me by the said Larry Warner this September 24, 2001, to certify which witness my hand and official seal.

MARISOL DELAFUENTE
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS-
Commission Exp: 4/27/05

MARISOL DELAFUENTE
Notary Public, State of Texas
My Commission Expires
April 27, 2005

Page 12 of  13

## CERTIFICATE OF SERVICE

I certify that I mailed a true and correct copy of **MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** the above referenced case to which this certificate is attached by U.S. Postal service to: United States Attorney; P.O. Box 61129; Houston, Tx 77208-1129 this September 24, 2001.


Larry Warner
Attorney for Petitioner
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 FAX (956)544-5234
State Bar # 20871500/USDC,SDTX 1230

13



SEP 1 0 2001

## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| ALFREDO RAMIREZ, <br> Appellant | § <br> § <br> § | DIST. CT. NO. CR-H-99-80-S <br><br> ON APPEAL FROM THE |
| VS. | § <br> § <br> § | DISTRICT COURT FOR THE <br> SOUTHERN DISTRICT OF TX <br> HOUSTON DIVISION |
| | § | |
| UNITED STATES OF AMERICA | § | CT. APP. # 99-21102 |

My name is Alfredo Ramirez.

I am a prisoner in a federal prison.

I make this declaration under penalty of perjury.

I was the Appellant in 99-21102 pending before the United States Court of Appeals for the Fifth Circuit. That appeal was dismissed on motion of the government alleging waiver of the right to appeal.

My lawyer did not tell me what an appeal was.

The judge did not tell me what an appeal was.

I did not know what an appeal was.

I did not know that I could appeal the imposition of two points for using a gun related to drugs to the Court of Appeals.

I did not know that a large percentage of appeals to United States Courts of Appeals are on sentencing issues, such as the one mentioned above in my case.

I did not know that three judges review the trial judge's sentencing.

I did not know that that review is based on a record.

I did not know that I could try to convince the Court of Appeals that my case was like **United States v. Welch**, 97 F3d 142(6th Cir. 1996; **United States v. Zimmer**, 14 F3d 286(6th Cir. 1994); and **United States v. Theodoropoulos**, 866 F2d 587(3d Cir. 1989)

I did not know that if even one of the original three judges

agreed with my position, I could ask all seventeen judges of the Court of Appeals to review my case.

I was called upon to give up a right I did not really understand, the right to appeal.

Signed under penalty of perjury
this 5 day of ~~August,~~ 2001
*September*

Alfredo Ramirez

*Alfredo Ramirez*

**SUBSCRIBED AND SWORN** before me, on the 5 day of ~~August~~, *September* 2001, to certify which witness my hand and official seal.

*Larry Carrell*

~~NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS~~
~~Commission Exp:~~

Larry Carrell-Case Manager
Federal Correctional Institution
Bastrop, TX 78602
"Authorized By The Act
of July 7, 1955 To
Administer Oaths (18 U.S.C. 4004)."

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| ALFREDO RAMIREZ, | § | DIST. CT. NO. CR-H-99-80-S |
| Appellant | § | |
| | § | ON APPEAL FROM THE |
| VS. | § | DISTRICT COURT FOR THE |
| | § | SOUTHERN DISTRICT OF TX |
| | § | HOUSTON DIVISION |
| | § | |
| UNITED STATES OF AMERICA | § | CT. APP. # 99-21102 |

## AFFIDAVIT

BEFORE ME, THE UNDERSIGNED AUTHORITY, PERSONALLY APPEARED ALFREDO RAMIREZ, KNOWN TO ME TO BE THE PERSON WHOSE NAME IS SUBSCRIBED BELOW, AND UPON BEING DULY SWORN HE DEPOSED AND SAID:

"MY NAME IS ALFREDO RAMIREZ, I AM THE APPELLANT IN THE ABOVE-ENTITLED AND NUMBERED CAUSE. I AM OVER THE AGE OF 18, OF SOUND MIND AND COMPETENT IN ALL RESPECTS TO MAKE THIS AFFIDAVIT.

I HAVE PERSONAL KNOWLEDGE OF THE FACTS STATED HEREIN. *My lawyer told me that she would do my appial I did not know that I am usd my* NAME IS ALFREDO RAMIREZ, I am confined as a prisoner in a penal institution. No Notary is available. I swear that all the allegations of fact and foregoing affidavit are true under the penalties of purgery.

DATE: ___ *10-11* ___, 2000.

RESPECTFULLY SUBMITTED,

*Alfredo Ramirez*
ALFREDO RAMIREZ

SUBSCRIBED AND SWORN TO BEFORE ME on the _____ day of October, 2000

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS
HARRIS COUNTY
MY COMMISSION EXPIRES:

# CLIENT QUESTIONNAIRE
## AFFIDAVIT HABEAS CORPUS PROCEEDINGS

50.01   HAVE YOU EVER BEEN HELD IN CONTEMPT OF COURT? *No*

50.02   HAVE YOU EVER BEEN DENIED BAIL? *Yes*

50.03   DO YOU FEEL YOUR BAIL WAS EXCESSIVE? *Yes*

50.04   WERE YOU DENIED BAIL BECAUSE OF PROBATION REVOCATION? *No*

50.05   WHAT WAS THE PROBABLE CAUSE ? *Conspiracy*

50.06   HAVE YOU EVER BEEN TRIED ON THIS CHARGE BEFORE? *No*

50.07   WAS THERE A 90-DAY STATUTORY REVOCATION? *No*

50.08   WERE THERE ANY UNCONSTITUTINAL STATUES? *I don't no.*

51.01   WAS YOUR COUNSEL/ATTORNEY PRESENT WHEN YOU WERE CONVICTED?
*Yes*

51.02   DID YOU SIGN A JURY WAIVER AND/OR PLEA GUILTY WITHOUT YOUR
COUNSEL/ATTORNEY PRESENT? *No*

51.03   HAVE YOU HAD ANY PRIOR CONVICTIONS WITHOUT YOUR
COUNSEL/ATTORNEY PRESENT? *No*

51.04   DO YOU FEEL YOU HAD EFFECTIVE ASSISTANCE OF COUNSEL? *No*

51.05   WERE YOU GIVE TEN DAYS TO PREPARE FOR TRIAL? *Yes*

51.06   DID YOU OR DO YOU FEEL YOU SIGNED A PREMATURE WAIVER OF
APPEAL? *My Attorney told me she was going to my appeal.
I did not know I waved my appeal*

51.07   DID YOU SIGN A CONFESSION WITHOUT YOUR COUNSEL/ATTORNEY
PRESENT? *No*

51.08   WERE THERE ANY UNCONSTITUTIONAL STATUTES? *I don't no.*

51.09   DO YOU FEEL YOU HAD A SPEEDY TRIAL?   *NO*

51.10   DID THE JUDGE  ADMONISH YOU ON PLEA OF GUILTY?   *kinds*

51.11   WAS YOUR COMPULSORY PROCESS FOR WITNESS DENIED?   *I don't no.*

51.12   WAS THE GOVERNMENT'S CHALLENGES FOR SCRUPLES ON DEATH
        PENALTY GRANTED?   *No*

51.13   WERE YOU FOUND INCOMPETENT OR COMPETENT TO STAND TRIAL?   *No*

51.14   WAS FAVORABLE MATERIAL TO YOU  NOT DISCLOSED?   *I don't no*

51.15   WAS THE TRIAL JUDGE A PROSECUTOR IN A PRIOR OFFENSE?   *No.*

51.16   WERE YOU TAKEN TO TRIAL IN YOUR PRISON CLOTHES?   *To court.*

51.17   WAS THE COMPLAINT SIGNED AND SWORN TO?   *I don't no*

51.18   HAD YOU BEEN TRIED ON THIS CHARGE BEFORE?   *No*

51.19   DID YOU HAVE AN INTERPRETER DURING THE TRIAL?   *YES*

52.01   WERE YOU SENTENCED WITHOUT COUNSEL/ATTORNEY PRESENT?   *No*

52.02   WAS YOU PROBATION REVOKED WITHOUT ATTORNEY/COUNSEL
        PRESENT?   *No*

52.03   DID YOU HAVE AN ATTORNEY FOR APPEAL?   *was s-ppose to.*

52.05   DID YOU HAVE INEFFECTIVE CUMULATION?   *I don't no.*

52..06   ARE YOU ON BAIL PENDING APPEAL?   *No*

52.07   HAVE YOU SERVED YOUR SENTENCE?   *YES*

52.08   DID YOU SERVE JAIL TIME PENDING APPEAL?   *yes*

52.09   WERE YOU ERRONEOUSLY RELEASED FROM CUSTODY?   *No*

52.10   ARE YOU ELIGIBLE FOR PAROLE - EX POST FACTO LAW? *I don't no*

52.11   WHAT IS YOUR COMPUTATION OF TIME CREDIT? *11-13-2013*

52.12   IS THERE A STATUTE CHANGE ELIMINATING OFFENSE? *I don't no.*

52.13   WERE THE TERMS OF YOUR PROBATION UNREASONABLE? *None*

53.01   WAS THE EXECUTIVE WARRANT DEFECTIVE? *I don't no*

53.02   WERE INSTRUMENT COPIES DENIED? *Yes*

53.03   WERE ISSUES IDENTIFIED? *No*

53.04   WAS THERE PRESENCE IN DEMANDING GOVERNMENT? *No*

53.05   WAS A DIFFERENT LAW NOT PROVED? *I don't no.*

53.06   WAS THERE BURDEN OF PROOF - EXTRADITION? *No*

54.01   WAS THE REVOCATION MOTION DEFECTIVE? *I don't no.*

54.02   HAS YOUR PROBATION TERM EXPIRED? *None*

54.03   WAS THERE INSUFFICIENT PROOF OF VIOLATION OF PROBATION? *None*

54.04   DID YOU COMMIT AN OFFENSE DURING YOUR PROBATION PERIOD? *None*

54.05   DID YOU AVOID INJURIOUS OR VICIOUS HABITS? *Yes.*

54.06   DID YOU AVOID PERSONS OR PLACES OF DISREPUTABLE OR HARMFUL CHARACTER? *kinda*

54.07   DID YOU REPORT TO THE PROBATION OFFICER AS DIRECTED? *None*

54.08   DID YOU WORK FAITHFULLY AT SUITABLE EMPLOYMENT AS FAR AS POSSIBLE? *When I was out.*

54.09   DID YO REMAIN WITHIN A SPECIFIC PLACE? *Yes*

54.10   DID YOU MAKE RESTITUTION OR REPARATION? *None*

54.11   DID YOU SUPPORT DEPENDENTS? *Yes*

54.12   WHAT WERE THE FINDINGS AS TO YOUR REVOCATION?   *None*

54.13   WAS THERE SUBSEQUENT CONVICTION ON APPEAL?   *No*

54.14   DO YOU HAVE A COPY OF THE PROBATION CONDITIONS?   *No*

54.15   WAS YOUR PRIMARY CONVICTION VOIDED?   *None*

54.16   WAS THERE A REVOCATION CONTINUANCE?   *None*

54.17   WERE THERE ANY DUE PROCESS, FUNDAMENTAL FAIRNESS VIOLATIONS?
*Yes, I did not under my plea or sentencing*

55.01   WAS THERE VALID UNDERTAKING?   *No*

55.02   WAS THERE A JUDGMENT NISI?   *I don't no.*

55.03   WAS THE JUDGMENT NISI INSUFFICIENT?   *I don't no*

55.04   WAS THERE A JUDGMENT AGIANST ALL OBLIGORS?   *No*

55.05   WERE THERE UNCONTROLLABEL CIRCUMSTANCES EXONERATES?   *No*

55.06   WERE YOU INDICTED FOR A DIFFERENT OFFENSE?   *No*

55.07   WAS THERE AN APPEAL BOND FORFEITURE?   *No*

55.08   WERE THERE SUBSEQUENT PROCEEDINGS?   *No*

55.09   WAS THERE REMITTITUR?   *No*

55.10   WERE THERE ERRORS IN THE BOND FORFEITURE PROCEDURES?   *No*

55.11   WAS THERE ANY COMPROMISE AND SETTLEMENT?   *Ten to Twelve years*

56.01   WERE THERE ANY PARTICULARITY OF GOVERNMENT'S PLEADING?   *No*

56.02   WAS PROCESS SERVED?   *No*

56.03   WAS THERE A GUARDIAN AD LITEM?   *No*

56.04   WERE YOU SEVENTEEN OR UNDER AT THE TIME?   *Yes*

56.05   WAS THERE INSUFFICIENT EVIDENCE?   *No*

56.06   WASA DUE PROCESS OF LAW DENIED?   *I don't no.*

56.07   WASA STATUTORY PROCEDURE NOT FOLLOWED? *I don't no.*

56.08   DID YOU WAIVE YOUR RIGHTS? *not that I know of.*

56.09   WAS THE ORDER WAIVING JURISDICTION DEFECTIVE? *I don't no.*

56.10   WERE YOU DENIED A RIGHT TO COUNSEL? *Should have been because she didn't do anything for me but everything for the Government*

CMPDF - www.foxits.com