B-01-163

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

United States District Court
S_____ ____ ____ of Texas
FILED

OCT 0 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | |
| | § | CAUSE NO. CR-H-99-80-S |
| ALFREDO RAMIREZ | § | |

**AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY**

Pursuant to 28 U.S.C. Sec.2255, Movant presents this MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.

Pursuant to 28 U.S.C., Sec.2255, this  MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY is brought by Petitioner, **ALFREDO RAMIREZ**, Prisoner number # 79818-079, Federal Correctional Institution, Bastrop, Texas, by his attorney, Larry Warner, 777 E. Harrison Street, Brownsville, Tx 78520.

1. The name and location of the Court which entered the judgment of conviction under attack: **United States District Court Southern District of Texas, Houston Division.**

2. The date of judgment of conviction: **February 4, 2000**.

3. The Length of sentence: 200 months.

4. The nature of the offense involved was of:

   1) **BEGINNING ON OR ABOUT JANUARY 5, 1997, TO ON OR ABOUT APRIL 22, 1999, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 841 (a)(1), 841 (B)(1)(A) CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND MARIJUANA.**

5. Petitioner pleaded **guilty** to the indictment.

1

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: **entered a guilty plea to count one(1S).**

6. Kind of Trial: **Judge** only

7. Did you testify at the trial?: **No**.

8. Did you appeal from the judgment of conviction?: Yes.

9. If you did appeal, answer the following:

   (a) Name of Court: United States Court of Appeals for the Fifth Circuit, #99-21102.

   (b) Result: The appeal was dismissed upon Motion of Appellee.

   (c) Date of result: September 20, 2000. The time for filing this motion runs at the earliest from the time a motion for rehearing in the Court of Appeals might have been filed, September 20, 2000 + 14 days=October 4, 2001. FED.R.APP.P.40(a)(1). **United States v. Cuero-Congora**, 1997 WL 3467722, at *1(E.D.La. June 23, 1997)In **Cuero-Congora**, movant's "conviction and sentence became final on August 29, 1992, when he failed to file his notice of intent to appeal his conviction and sentence" 10 days after sentence was imposed following guilty plea. The time for filing this motion runs at the latest from the conclusion of the ninety days during which he could have sought certiorari in the United States Supreme Court. SUP.CT.R.13; **Hughes v. Irvin**, 1997 WL 357 947, at *2(E.D.N.Y. June 25, 1997)

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court?: No.

11. If your answer to 10, was "yes," give the following information:

    (1) Name of Court: Not applicable; the answer to 10 was "No."

    (2) Nature of proceeding:

2

(3)  Grounds raised:

(4)  Did you receive an evidentiary hearing on your
     Petition or Motion?:

(5)  Result:

(6)  Date of result:

(C)  Did you appeal, to an Appellate Federal Court having
     jurisdiction, the result of action taken on any Petition,
     Application, or Motion? No.

     Inapplicable.  I have not  filed any Petitions,
     Applications, or Motions with respect to this judgment in
     any Federal Court.

     (1) First Petition, etc.

     Inapplicable.  I have not  filed any Petitions,
     Applications, or Motions with respect to this judgment in
     any Federal Court.

(D)  If you did not appeal from the adverse action, on any
     Petition, Application, or Motion, explain briefly why you
     did not: Inapplicable.  I have not filed any Petitions,
     Applications, or Motions with respect to this judgment in
     any Federal Court.

12.  State concisely every ground on which you claim that you
     are being held unlawfully.  Summarize briefly the facts
     supporting each ground.  If necessary you may attach
     pages stating additional grounds and facts supporting
     same.

**GROUND:**

1.   Movant was deprived of the right to habeas corpus.  His waiver
     of habeas corpus was involuntary.  His counsel did not explain
     to him what habeas corpus was. The trial judge erred in
     accepting a waiver of "collateral attack" without determining
     whether Movant understood "collateral attack" well enough to
     waive it. Accepting such waiver amounts to an unconstitutional
     suspension of the writ of habeas corpus. "For if the means be
     not in existence, the privilege [of the writ] itself would be
     lost, although no law for its suspension should be enacted."
     **Ex Parte Bollman**, 8 U.S.(4 Cranch)75, 95(1807)

3

2. Movant was deprived of the right to effective assistance of counsel on appeal. His waiver of appeal was involuntary. His counsel did not explain to him what an appeal was. The trial judge erred in accepting a waiver of appeal without determining whether Movant understood an appeal well enough to waive it. Such waivers have been condemned: they "cannot be made knowingly and intelligently and [are] not binding on a defendant." **Townsend v. State**, 538 S.W.2d 419(Tex.Crim.App. 1976).

That decision was based on interpretations of federal rights discussed in **Smith v. State,** 440 S.W.2d 843 **(Tex.Cr.App. 1969)** and **Ex parte Dickey, 543 S.W.2d 99 (Tex.Crim.App., 1976).** These legal matters are discussed in the brief in support of this Motion.

13. If any of the grounds listed in 12 A, B, C, and d were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

14. Do you have any Petition or Appeal now pending in any Court as to the judgment under attack? **No.**

15. Attorneys below:

(A)  At preliminary hearing:

Lourdes Rodriguez,
Attorney at law
405 Main Street,uite 201
Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(B) At arraignment and plea:

Lourdes Rodriguez,
Attorney at law
405 Main Street,uite 201
Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(C) At trial:

Lourdes Rodriguez,
Attorney at law
405 Main Street,uite 201
Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(D) At Sentencing:

Lourdes Rodriguez,
Attorney at law
405 Main Street,uite 201
Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(E)   On appeal:

Larry Warner Counsel for Appellant
777 East Harrison,, 2ND fLOOR
Brownsville, Texas   78520
(956)542-4784 /FAX  (956)544-5234
State Bar# 20871500/USDC, SDTX 1230

(F)   In any post-conviction proceeding:

Larry Warner Counsel for Appellant
777 East Harrison,, 2ND fLOOR
Brownsville, Texas   78520
(956)542-4784 /FAX  (956)544-5234
State Bar# 20871500/USDC, SDTX 1230

(G)  On appeal from any adverse ruling in
a post-conviction proceeding:

Larry Warner Counsel for Appellant
777 East Harrison,, 2ND fLOOR
Brownsville, Texas   78520
(956)542-4784 /FAX  (956)544-5234
State Bar# 20871500/USDC, SDTX 1230

16.  Were you sentenced on more than one count of

an indictment, or on more than one indictment,
in the same Court and at the same time?  No.

17. Do you have any future sentence to serve after
    you complete the sentence imposed by the
    judgment under attack?  No.

If so, give name and location of Court which imposed sentence
to be served in the future:
And give date and length of sentence to be served in the future:
**Inapplicable**.

Have you filed, or do you contemplate filing, any Petition
attacking the judgment which imposed the sentence to be served in
the future? **Inapplicable**.

Wherefore, Petitioner prays that the Court grant Petitioner
relief to which he may be entitled in this proceeding.


Respectfully submitted,


Larry Warner
Attorney for Petitioner
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 FAX (956)544-5234
State Bar # 20871500/USDC, SDTX 1230

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS,
## BROWNSVILLE DIVISION

UNITED STATES OF AMERICA     §
    §
VS.     §
    §    CAUSE NO. CR-H-99-80-S
ALFREDO RAMIREZ     §

### AFFIDAVIT

BEFORE ME, THE UNDERSIGNED AUTHORITY, PERSONALLY APPEARED, LARRY WARNER, KNOWN TO ME TO BE THE PERSON WHOSE NAME IS SUBSCRIBED BELOW, AND UPON BEING DULY SWORN HE DEPOSED AND SAID:

"My name is Larry Warner, I am an attorney for appellant in the above-entitled and numbered cause. I am over the age of 18, of sound mind and competent in all respects to make this affidavit. All the foregoing allegations of fact are within my personal knowledge true, save and except for those allegations made upon information and belief, which I am informed and do believe are true. I swear that they are true.

### AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Pursuant to 28 U.S.C. Sec.2255, Movant presents this MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY.

Pursuant to 28 U.S.C., Sec.2255, this MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY is brought by Petitioner, **ALFREDO RAMIREZ**, Prisoner number #79818-079, Federal Correctional Institution, Bastrop, Texas, by his attorney, Larry Warner, 777 E. Harrison Street, Brownsville, Tx 78520.

1. The name and location of the Court which entered the judgment of conviction under attack: **United States District Court Southern District of Texas, Houston Division.**

7

2.   The date of judgment of conviction: **February 4, 2000**.

3.   The Length of sentence: 200 months.

4.   The nature of the offense involved was of:

   **1)   BEGINNING ON OR ABOUT JANUARY 5, 1997, TO ON OR ABOUT APRIL 22, 1999, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 841 (a)(1), 841 (B)(1)(A) CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE AND MARIJUANA.**

5.   Petitioner pleaded **guilty** to the indictment.

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: **entered a guilty plea to count one(1S).**

6.   Kind of Trial:  **Judge** only

7.   Did you testify at the trial?: **No**.

8.   Did you appeal from the judgment of conviction?: Yes.

9.   If you did appeal, answer the following:

   (a)   Name of Court: United States Court of Appeals for the Fifth Circuit, #99-21102.

   (b)   Result: The appeal was dismissed upon Motion of Appellee.

   (c)   Date of result: September 20, 2000. The time for filing this motion runs at the earliest from the time a motion for rehearing in the Court of Appeals might have been filed, September 20, 2000 + 14 days=October 4, 2001. FED.R.APP.P.40(a)(1). **United States v. Cuero-Congora**, 1997 WL 3467722, at *1(E.D.La. June 23, 1997)In **Cuero-Congora**, movant's "conviction and sentence became final on August 29, 1992, when he failed to file his notice of intent to appeal his conviction and sentence" 10 days after sentence was imposed following guilty plea. The time for filing this motion runs at the latest from the conclusion of the ninety days during which he could have sought certiorari in the United States Supreme Court. SUP.CT.R.13; **Hughes v. Irvin**, 1997 WL 357 947, at *2(E.D.N.Y. June 25,

8

1997)

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court?: No.

11. If your answer to 10, was "yes," give the following information:

    (1) Name of Court: Not applicable; the answer to 10 was "No."

    (2) Nature of proceeding:

    (3) Grounds raised:

    (4) Did you receive an evidentiary hearing on your Petition or Motion?:

    (5) Result:

    (6) Date of result:

(C) Did you appeal, to an Appellate Federal Court having jurisdiction, the result of action taken on any Petition, Application, or Motion? No.

Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

(1) First Petition, etc.

Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

(D) If you did not appeal from the adverse action, on any Petition, Application, or Motion, explain briefly why you did not: Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary you may attach pages stating additional grounds and facts supporting

9

CMPDF - www.foxia.com

same.

**GROUND:**

1.  Movant was deprived of the right to habeas corpus. His waiver of habeas corpus was involuntary. His counsel did not explain to him what habeas corpus was. The trial judge erred in accepting a waiver of "collateral attack" without determining whether Movant understood "collateral attack" well enough to waive it. Accepting such waiver amounts to an unconstitutional suspension of the writ of habeas corpus. "For if the means be not in existence, the privilege [of the writ] itself would be lost, although no law for its suspension should be enacted." **Ex Parte Bollman**, 8 U.S.(4 Cranch)75, 95(1807)

2.  Movant was deprived of the right to effective assistance of counsel on appeal. His waiver of appeal was involuntary. His counsel did not explain to him what an appeal was. The trial judge erred in accepting a waiver of appeal without determining whether Movant understood an appeal well enough to waive it. Such waivers have been condemned: they "cannot be made knowingly and intelligently and [are] not binding on a defendant." **Townsend v. State**, 538 S.W.2d 419(Tex.Crim.App. 1976).

    That decision was based on interpretations of federal rights discussed in **Smith v. State,** 440 S.W.2d 843 **(Tex.Cr.App. 1969)** and **Ex parte Dickey, 543 S.W.2d 99 (Tex.Crim.App., 1976).** These legal matters are discussed in the brief in support of this Motion.

13. If any of the grounds listed in 12 A, B, C, and d were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

14. Do you have any Petition or Appeal now pending in any Court as to the judgment under attack? **No.**

15.     Attorneys below:

        (A)  At preliminary hearing:

                Lourdes Rodriguez,
                Attorney at law
                405 Main Street,uite 201

10

Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(B) At arraignment and plea:

Lourdes Rodriguez,
Attorney at law
405 Main Street,uite 201
Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(C) At trial:

Lourdes Rodriguez,
Attorney at law
405 Main Street,uite 201
Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(D) At Sentencing:

Lourdes Rodriguez,
Attorney at law
405 Main Street,uite 201
Houston, Tx 77002
713 222 8638/713 222 9930
SBOT 17147100

(E)  On appeal:

Larry Warner Counsel for Appellant
777 East Harrison,, 2ND fLOOR
Brownsville, Texas  78520
(956)542-4784 /FAX  (956)544-5234
State Bar# 20871500/USDC, SDTX 1230

(F)  In any post-conviction proceeding:

Larry Warner Counsel for Appellant
777 East Harrison,, 2ND fLOOR
Brownsville, Texas  78520
(956)542-4784 /FAX  (956)544-5234
State Bar# 20871500/USDC, SDTX 1230

11

    (G)   On appeal from any adverse ruling in
a post-conviction proceeding:

                Larry Warner Counsel for Appellant
                777 East Harrison,, 2ND fLOOR
                Brownsville, Texas  78520
                (956)542-4784 /FAX  (956)544-5234
                State Bar# 20871500/USDC, SDTX 1230

16.  Were you sentenced on more than one count of
an indictment, or on more than one indictment,
in the same Court and at the same time?  No.

17.  Do you have any future sentence to serve after
you  complete  the  sentence  imposed  by  the
judgment under attack?  No.

If so, give name and location of Court which imposed sentence
to be served in the future:
And give date and length of sentence to be served in the future:
**Inapplicable**.

Have you filed, or do you contemplate filing, any Petition
attacking the judgment which imposed the sentence to be served in
the future? **Inapplicable**.

Wherefore, Petitioner prays that the Court grant Petitioner
relief to which he may be entitled in this proceeding.

                Respectfully submitted,

                Larry Warner
                Attorney for Petitioner
                777 E. Harrison Street, 2nd Floor
                Brownsville, Texas 78520
                (956)542-4784 FAX (956)544-5234
                State Bar # 20871500/USDC, SDTX 1230

**SUBSCRIBED AND SWORN** before me by the said Larry Warner this
September 28TH , 2001, to certify which witness my hand and
official seal.

        MARISOL DELAFUENTE

MARISOL DELAFUENTE NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS-
Notary Public, State of Texas Commission Exp: 4/27/05
My Commission Expires
April 27, 2005

12

**CERTIFICATE OF SERVICE**

  I certify that I mailed a true and correct copy of **MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**  the above referenced case to which this certificate is attached by U.S. Postal service to: United States Attorney; P.O. Box 61129; Houston, Tx 77208-1129 this September 28TH , 2001.

        Larry Warner
        Attorney for Petitioner
        777 E. Harrison Street, 2nd Floor
        Brownsville, Texas 78520
        (956)542-4784 FAX (956)544-5234
        State Bar # 20871500/USDC,SDTX 1230

SEP 1 0 2001

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

ALFREDO RAMIREZ,  §  DIST. CT. NO. CR-H-99-80-S
Appellant  §
 §  ON APPEAL FROM THE
 §  DISTRICT COURT FOR THE
 §  SOUTHERN DISTRICT OF TX
 §  HOUSTON DIVISION
 §
UNITED STATES OF AMERICA  §  CT. APP. # 99-21102

My name is Alfredo Ramirez.

I am a prisoner in a federal prison.

I make this declaration under penalty of perjury.

I was the Appellant in 99-21102 pending before the United States Court of Appeals for the Fifth Circuit. That appeal was dismissed on motion of the government alleging waiver of the right to appeal.

My lawyer did not tell me what an appeal was.

The judge did not tell me what an appeal was.

I did not know what an appeal was.

I did not know that I could appeal the imposition of two points for using a gun related to drugs to the Court of Appeals.

I did not know that a large percentage of appeals to United States Courts of Appeals are on sentencing issues, such as the one mentioned above in my case.

I did not know that three judges review the trial judge's sentencing.

I did not know that that review is based on a record.

I did not know that I could try to convince the Court of Appeals that my case was like **United States v. Welch**, 97 F3d 141(5th Cir. 1996; **United States v. Zimmer**, 14 F3d 286(6th Cir. 1994); and **United States v. Theodoropoulos**, 866 F2d 587(3d Cir. 1989

I did not know that if even one of the original three judges

agreed with my position, I could ask all seventeen judges of the
Court of Appeals to review my case.

I was called upon to give up a right I did not really
understand, the right to appeal.

Signed under penalty of perjury
this _5_ day of ~~August,~~ 2001
_September,_

Alfredo Ramirez

**SUBSCRIBED AND SWORN** before me, on the _5_ day of _September_ ~~August~~, 2001, to
certify which witness my hand and official seal.

~~NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS~~
~~Commission Exp:~~

**Larry Carrell-Case Manager**
**Federal Correctional Institution**
**Bastrop, TX 78602**
**"Authorized By The Act**
**of July 7, 1955 To**
**Administer Oaths (18 U.S.C. 4004)."**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | | |
|---|---|---|
| ALFREDO RAMIREZ,<br>Appellant | § | DIST. CT. NO. CR-H-99-80-S |
| | § | |
| | § | ON APPEAL FROM THE |
| VS | § | DISTRICT COURT FOR THE |
| | § | SOUTHERN DISTRICT OF TX |
| | § | HOUSTON DIVISION |
| | § | |
| UNITED STATES OF AMERICA | § | CT. APP. # 99-21102 |

### AFFIDAVIT

BEFORE ME, THE UNDERSIGNED AUTHORITY, PERSONALLY APPEARED ALFREDO RAMIREZ, KNOWN TO ME TO BE THE PERSON WHOSE NAME IS SUBSCRIBED BELOW, AND UPON BEING DULY SWORN HE DEPOSED AND SAID:

MY NAME IS ALFREDO RAMIREZ, I AM THE APPELLANT IN THE ABOVE-ENTITLED AND NUMBERED CAUSE. I AM OVER THE AGE OF 18, OF SOUND MIND AND COMPETENT IN ALL RESPECTS TO MAKE THIS AFFIDAVIT

I HAVE PERSONAL KNOWLEDGE OF THE FACTS STATED HEREIN. *My lawyer su told me that she would do my appeal I did not know that I am using my* *name* NAME IS ALFREDO RAMIREZ, I am confined as a prisoner in a penal institution. No Notary is available. I swear that all the allegations of fact and foregoing affidavit are true under the penalty of purgery.

DATE   *10-11—*   ,2000.

RESPECTFULLY SUBMITTED,

*alFredo Ramirez*
ALFREDO RAMIREZ

SUBSCRIBED AND SWORN TO BEFORE ME on the _____ day of October, 2000

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS
HARRIS COUNTY
MY COMMISSION EXPIRES:

# CLIENT QUESTIONNAIRE
## AFFIDAVIT HABEAS CORPUS PROCEEDINGS

50.01   HAVE YOU EVER BEEN HELD IN CONTEMPT OF COURT?   *No*

50.02   HAVE YOU EVER BEEN DENIED BAIL?   *Yes*

50.03   DO YOU FEEL YOUR BAIL WAS EXCESSIVE?   *Yes*

50.04   WERE YOU DENIED BAIL BECAUSE OF PROBATION REVOCATION?   *No*

50.05   WHAT WAS THE PROBABLE CAUSE ?   *Conspiracy*

50.06   HAVE YOU EVER BEEN TRIED ON THIS CHARGE BEFORE?   *No*

50.07   WAS THERE A 90-DAY STATUTORY REVOCATION?   *No*

50.08   WERE THERE ANY UNCONSTITUTINAL STATUES?   *I don't no*

51.01   WAS YOUR COUNSEL/ATTORNEY PRESENT WHEN YOU WERE CONVICTED?   *Yes*

51.02   DID YOU SIGN A JURY WAIVER AND/OR PLEA GUILTY WITHOUT YOUR
COUNSEL/ATTORNEY PRESENT?   *No*

51.03   HAVE YOU HAD ANY PRIOR CONVICTIONS WITHOUT YOUR
COUNSEL/ATTORNEY PRESENT?   *No*

51.04   DO YOU FEEL YOU HAD EFFECTIVE ASSISTANCE OF COUNSEL?   *No*

51.05   WERE YOU GIVE TEN DAYS TO PREPARE FOR TRIAL?   *Yes*

51.06   DID YOU OR DO YOU FEEL YOU SIGNED A PREMATURE WAIVER OF
APPEAL?   *My Attorney told me she was going to my appeal. I did not know I waved an appeal*

51.07   DID YOU SIGN A CONFESSION WITHOUT YOUR COUNSEL/ATTORNEY
PRESENT?   *No*

51.08   WERE THERE ANY UNCONSTITUTIONAL STATUTES?   *I don't no.*

51 09   DO YOU FEEL YOU HAD A SPEEDY TRIAL?   *NO*

51.10   DID THE JUDGE  ADMONISH YOU ON PLEA OF GUILTY?   *kinds*

51 11   WAS YOUR COMPULSORY PROCESS FOR WITNESS DENIED?   *I don't no*

51 12   WAS THE GOVERNMENT'S CHALLENGES FOR SCRUPLES ON DEATH
PENALTY GRANTED?   *NO*

51 13   WERE YOU FOUND INCOMPETENT OR COMPETENT TO STAND TRIAL?   *No*

51 14   WAS FAVORABLE MATERIAL TO YOU  NOT DISCLOSED?   *I don't no*

51 15   WAS THE TRIAL JUDGE A PROSECUTOR IN A PRIOR OFFENSE?   *No*

51 16   WERE YOU TAKEN TO TRIAL IN YOUR PRISON CLOTHES?   *To court*

51 17   WAS THE COMPLAINT SIGNED AND SWORN TO?   *I don't no*

51 18   HAD YOU BEEN TRIED ON THIS CHARGE BEFORE?   *No*

51 19   DID YOU HAVE AN INTERPRETER DURING THE TRIAL?   *YES*

52 01   WERE YOU SENTENCED WITHOUT COUNSEL/ATTORNEY PRESENT?   *No*

52 02   WAS YOU PROBATION REVOKED WITHOUT ATTORNEY/COUNSEL
PRESENT?   *No*

52 03   DID YOU HAVE AN ATTORNEY FOR APPEAL?   *was suppose to*

52 05   DID YOU HAVE INEFFECTIVE CUMULATION?   *I don't no*

52 06   ARE YOU ON BAIL PENDING APPEAL?   *No*

52 07   HAVE YOU SERVED YOUR SENTENCE?   *YES*

52 08   DID YOU SERVE JAIL TIME PENDING APPEAL?   *YES*

52 09   WERE YOU ERRONEOUSLY RELEASED FROM CUSTODY?   *NO*

CHsPDF - www.fastio.com

52.10   ARE YOU ELIGIBLE FOR PAROLE - EX POST FACTO LAW?  *I don't kn*

52.11   WHAT IS YOUR COMPUTATION OF TIME CREDIT?  *11-13-2013*

52.12   IS THERE A STATUTE CHANGE ELIMINATING OFFENSE?  *I don't kn*

52.13   WERE THE TERMS OF YOUR PROBATION UNREASONABLE?  *None*

53.01   WAS THE EXECUTIVE WARRANT DEFECTIVE?  *I don't kn*

53.02   WERE INSTRUMENT COPIES DENIED?  *Yes*

53.03   WERE ISSUES IDENTIFIED?  *No*

53.04   WAS THERE PRESENCE IN DEMANDING GOVERNMENT?  *No*

53.05   WAS A DIFFERENT LAW NOT PROVED?  *I don't kn.*

53.06   WAS THERE BURDEN OF PROOF - EXTRADITION?  *No*

54.01   WAS THE REVOCATION MOTION DEFECTIVE?  *I don't kn*

54.02   HAS YOUR PROBATION TERM EXPIRED?  *None*

54.03   WAS THERE INSUFFICIENT PROOF OF VIOLATION OF PROBATION?  *None*

54.04   DID YOU COMMIT AN OFFENSE DURING YOUR PROBATION PERIOD?  *None*

54.05   DID YOU AVOID INJURIOUS OR VICIOUS HABITS?  *Yes.*

54.06   DID YOU AVOID PERSONS OR PLACES OF DISREPUTABLE OR HARMFUL
        CHARACTER?  *Kinda*

54.07   DID YOU REPORT TO THE PROBATION OFFICER AS DIRECTED?  *None*

54.08   DID YOU WORK FAITHFULLY AT SUITABLE EMPLOYMENT AS FAR AS
        POSSIBLE?  *When I was out.*

54.09   DID YO REMAIN WITHIN A SPECIFIC PLACE?  *Yes*

54.10   DID YOU MAKE RESTITUTION OR REPARATION?  *None*

54.11   DID YOU SUPPORT DEPENDENTS?  *Yes*

54.12   WHAT WERE THE FINDINGS AS TO YOUR REVOCATION? *None*

54.13   WAS THERE SUBSEQUENT CONVICTION ON APPEAL? *No*

54.14   DO YOU HAVE A COPY OF THE PROBATION CONDITIONS? *No*

54.15   WAS YOUR PRIMARY CONVICTION VOIDED? *None*

54.16   WAS THERE A REVOCATION CONTINUANCE? *None*

54.17   WERE THERE ANY DUE PROCESS, FUNDAMENTAL FAIRNESS VIOLATIONS?
*Yes, I did not understand my plea or sentencing*

55.01   WAS THERE VALID UNDERTAKING? *No*

55.02   WAS THERE A JUDGMENT NISI? *I don't no.*

55.03   WAS THE JUDGMENT NISI INSUFFICIENT? *I don't no*

55.04   WAS THERE A JUDGMENT AGIANST ALL OBLIGORS? *NO*

55.05   WERE THERE UNCONTROLLABEL CIRCUMSTANCES EXONERATES? *No*

55.06   WERE YOU INDICTED FOR A DIFFERENT OFFENSE? *No*

55.07   WAS THERE AN APPEAL BOND FORFEITURE? *No*

55.08   WERE THERE SUBSEQUENT PROCEEDINGS? *No*

55.09   WAS THERE REMITTITUR? *No*

55.10   WERE THERE ERRORS IN THE BOND FORFEITURE PROCEDURES? *No*

55.11   WAS THERE ANY COMPROMISE AND SETTLEMENT? *Two to Twelve years*

56.01   WERE THERE ANY PARTICULARITY OF GOVERNMENT'S PLEADING? *No*

56.02   WAS PROCESS SERVED? *No*

56.03   WAS THERE A GUARDIAN AD LITEM? *No*

56.04   WERE YOU SEVENTEEN OR UNDER AT THE TIME? *YES*

56.05   WAS THERE INSUFFICIENT EVIDENCE? *No*

56.06   WASA DUE PROCESS OF LAW DENIED? *I don't no*

56 07   WASA STATUTORY PROCEDURE NOT FOLLOWED? *I don't no*

56 08   DID YOU WAIVE YOUR RIGHTS? *Not that I know of.*

56 09   WAS THE ORDER WAIVING JURISDICTION DEFECTIVE? *I don't n.*

56 10   WERE YOU DENIED A RIGHT TO COUNSEL? *Should have been because she didn't do anything for me but everything for the Government*